IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

JUN 22 PM 1:40

Jeanne Syverin,

Plaintiff,

Civil Action No.: ______________

v.

Equifax Information Services LLC,

Defendant.

**JURY TRIAL DEMANDED**

**COMPLAINT**

Jean Syverin is a sixty-eight-year-old homeowner in Hyde Park, Massachusetts, who has spent decades building a credit profile she relies on every day. When she requested her own credit file from Equifax Information Services LLC in August 2025, she expected to receive a clear and complete picture of what the company had been reporting about her to banks, lenders, and other third parties for years. Instead, she received a document riddled with blank fields, frozen placeholder dates, and missing payment data across nearly every account in her file. She could not verify what was being said about her, could not confirm whether the information was accurate, and could not meaningfully protect her own financial interests.

When Ms. Syverin examined the disclosure Equifax provided, she discovered that the Actual Payment Amount column was blank for virtually every account in her file, month after

month, for years. On one account, THD/CBNA ending in 7587, the Last Payment Date was frozen at the identical value of July 22, 2023, in every single one of twenty-three consecutive monthly rows, creating the false impression that no activity had occurred on the account for nearly two years. On another account, BESTBUY/CBNA ending in 9127, the same date of October 14, 2024, appeared locked in place across six consecutive rows. These are not omissions. These are systematic failures.

Across the fifteen accounts in Ms. Syverin's Equifax file, Defendant withheld in excess of three hundred data fields that the law required it to disclose. Payment amounts were suppressed. Past due amounts were left blank. Dates were frozen. The pattern was uniform and complete. It appeared on every revolving account, every charge account, and the student loan. At some point, consistent failure across every single account stops looking like accident and starts looking like policy.

The Fair Credit Reporting Act commands that consumer reporting agencies clearly and accurately disclose all information in a consumer's file at the time of the consumer's request. 15 U.S.C. Section 1681g(a)(1). The Federal Trade Commission advised all nationwide consumer reporting agencies more than twenty-five years ago that withholding data fields from a consumer's own file disclosure, while providing that same data to third-party creditors, violates this requirement. Defendant has known of this obligation and has disregarded it.

Plaintiff Jean Syverin brings this action for actual damages, statutory damages, punitive damages, and costs resulting from Defendant's willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. Sections 1681, et seq.

## II. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) because Plaintiff Jean Syverin resides in Hyde Park, Massachusetts, and the acts and omissions giving rise to this action were directed at Plaintiff in this district.

## III. PARTIES

3. Plaintiff Jean Syverin is a natural person residing at 820 River Street, Hyde Park, Massachusetts 02136. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. Section 1681a(c).

4. Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Defendant is a nationwide "consumer reporting agency" as that term is defined by 15 U.S.C. Section 1681a(f), regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. Defendant's registered agent in the State of Massachusetts may be located through the Massachusetts Secretary of State's corporate database.

## IV. FACTUAL ALLEGATIONS

### A. Credit Report Overview

5. On August 11, 2025, Plaintiff Jean Syverin received her consumer file disclosure from Defendant Equifax Information Services LLC, bearing Confirmation Number 5223535669. The disclosure contained fifteen credit accounts and was provided to Plaintiff at her home address of 820 River Street, Hyde Park, Massachusetts 02136.

6. Pursuant to 15 U.S.C. Section 1681g(a)(1), upon receipt of a consumer's request for a file disclosure, Defendant was required to clearly and accurately disclose to Plaintiff all information in Plaintiff's consumer file at the time of the request.

### B. Incomplete Disclosure: Account-by-Account Blank and Missing Field Inventory

7. Defendant's August 11, 2025 file disclosure to Plaintiff contained in excess of three hundred blank or missing data fields across the accounts described below. These omissions are detailed on a per-account basis in the paragraphs that follow.

8. SHELLPOINT MORTGAGE SERVIC (Account ending 9523): Defendant's disclosure showed three months of 24-Month History data for this conventional real estate mortgage account. The Actual Payment Amount column was blank in all three rows (March 2025, April 2025, and May 2025). The Past Due Amount column was blank in all three rows. The Credit Limit field in both the account header and all three 24-Month History rows was blank. These omissions total no fewer than nine blank fields on this account alone.

9. CAPITAL ONE BANK USA NA (Account ending 3507): This active credit card account had twenty-three rows of 24-Month History data in Defendant's disclosure. The Actual Payment Amount column was blank in all twenty-three rows. The Past Due Amount column was blank in all twenty-three rows. These omissions total no fewer than forty-six blank fields on this account.

10. THD/CBNA (Account ending 4378): This active charge account had twenty-three rows of 24-Month History data. The Actual Payment Amount column was blank in all twenty-three rows. The Past Due Amount column was blank in all twenty-three rows. These omissions total no fewer than forty-six blank fields on this account.

11. THD/CBNA (Account ending 7587): This charge account carried a zero balance and reflected no payment activity since July 22, 2023. Defendant's disclosure showed twenty-three rows of 24-Month History data. The Scheduled Payment Amount column was blank in all twenty-three rows. The Actual Payment Amount column was blank in all twenty-three rows. The Past Due Amount column was blank in all twenty-three rows. Critically, the Last Payment Date column displayed the identical date of July 22, 2023 in every single one of the twenty-three consecutive monthly rows, spanning the period from August 2023 through June 2025. This frozen, static placeholder date appeared identically across all twenty-three rows without variation, and does not reflect actual monthly reporting activity. These omissions and static placeholder entries total no fewer than ninety-two blank or frozen fields on this account.

12. THD/CBNA (Account ending 3413): This active charge account had twenty-three rows of 24-Month History data. The Actual Payment Amount column was blank in all twenty-three rows. The Past Due Amount column was blank in all twenty-three rows. These omissions total no fewer than forty-six blank fields on this account.

13. AMEX/DSNB (Account ending 8055): This active credit card account had twenty-three rows of 24-Month History data. The Actual Payment Amount column was blank in all twenty-three rows. The Past Due Amount column was blank in all twenty-three rows. These omissions total no fewer than forty-six blank fields on this account.

14. BESTBUY/CBNA (Account ending 9127): This credit card account was closed on July 15, 2025. Defendant's disclosure showed twenty-three rows of 24-Month History data. The Actual Payment Amount column was blank in all twenty-three rows. The Past Due Amount column was blank in all twenty-three rows. Additionally, the Last Payment Date column displayed the identical static date of October 14, 2024 across six consecutive monthly rows (October 2024 through March 2025 and continuing), without variation, constituting a frozen placeholder date pattern. These omissions and static placeholder entries total no fewer than fifty-two blank or frozen fields on this account.

15. CENTRAL RESEARCH INC (Account ending 9609): This student loan account reflected Over 120 Days Past Due status with a balance of $136,002 and an Amount Past Due of $7,783 as of the date of disclosure. The Actual Payment Amount column was blank in the majority of 24-Month History rows. The Credit Limit field was blank throughout. These omissions constitute additional blank fields withheld from Plaintiff's disclosure.

16. The identical pattern of blank Actual Payment Amount columns, blank Past Due Amount columns, and static frozen Last Payment Date entries appearing uniformly across substantially every account on the same disclosure confirms that these omissions result from a deliberate, uniform data suppression policy rather than isolated reporting error.

**H. Third-Party Dissemination**

17. Plaintiff's August 11, 2025 Equifax file disclosure contains no hard inquiries from third-party creditors. Plaintiff therefore pleads informational injury under 15 U.S.C. Section 1681g(a)(1) directly. On information and belief, Defendant held Plaintiff's consumer file in active use during the period covered by the disclosure, as confirmed by the presence of numerous internal entity account-review pulls recorded in the disclosure, including pulls by Equifax Inc., Equifax-DIT, and Equifax-TALX on August 11, 2025. These internal reviews confirm Plaintiff's file was being actively maintained and accessed by Defendant.

18. Defendant's failure to disclose complete and accurate information in Plaintiff's own file disclosure while maintaining that file for active use constitutes the informational injury identified in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), insofar as Plaintiff was denied access to information about her own consumer file to which she was entitled under federal law.

**I. Willfulness**

19. The FTC Advisory Opinion to Katrina Darcy (June 30, 2000) placed all nationwide consumer reporting agencies, including Defendant, on specific notice more than twenty-five years ago that withholding data fields from a consumer's own file disclosure while providing that same data to third-party creditors violates 15 U.S.C. Section 1681g(a)(1). Defendant's continued operation of a disclosure policy that systematically suppresses data across every account in a consumer's file is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007).

20. The identical pattern of blank Actual Payment Amount columns, identical blank Past Due Amount columns, and identical static frozen Last Payment Date entries appearing across every account on the same August 11, 2025 disclosure confirm that these omissions result from deliberate, uniform data suppression policy rather than isolated error. See Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020). Defendant knew of these systematic failures and chose not to correct them.

**J. Actual Damages**

21. As a direct and proximate result of Defendant's violations of 15 U.S.C. Section 1681g(a)(1), Plaintiff Jean Syverin suffered actual damages including, without limitation: (a) significant emotional distress and frustration upon discovering that her own credit file disclosure contained hundreds of blank fields and frozen placeholder dates that made it impossible to verify the accuracy of the information being reported about her; (b) impaired creditworthiness resulting from her inability to identify and correct inaccurate or unverifiable derogatory information in her file; (c) lost credit opportunities caused by

Defendant's failure to provide her with the complete file disclosure to which she was entitled; (d) inability to verify or challenge derogatory notations due to suppression of the underlying payment data fields; and (e) time, resources, and effort expended in attempting to decipher an intentionally incomplete consumer disclosure.

## V. CAUSES OF ACTION

### COUNT I

### Violation of 15 U.S.C. Section 1681g(a)(1): Failure to Clearly and Accurately Disclose All Information in Consumer's File

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. 15 U.S.C. Section 1681g(a)(1) provides that, upon request of a consumer, every consumer reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

24. On August 11, 2025, in response to Plaintiff's request for her file disclosure, Defendant Equifax Information Services LLC provided Plaintiff with a disclosure bearing Confirmation Number 5223535669 that systematically omitted in excess of three hundred data fields that were required to be disclosed.

25. On the CAPITAL ONE BANK USA NA account ending in 3507, Defendant failed to disclose the Actual Payment Amount in all twenty-three months of 24-Month History data, and failed to disclose the Past Due Amount in all twenty-three months, suppressing no fewer than forty-six data fields from Plaintiff's file disclosure on this account alone.

26. On the THD/CBNA account ending in 4378, Defendant failed to disclose the Actual Payment Amount in all twenty-three months of 24-Month History data, and failed to disclose the Past Due Amount in all twenty-three months, suppressing no fewer than forty-six data fields from Plaintiff's file disclosure on this account.

27. On the THD/CBNA account ending in 7587, Defendant failed to disclose the Scheduled Payment Amount, Actual Payment Amount, and Past Due Amount in all twenty-three months of 24-Month History data, and populated the Last Payment Date column with the identical static placeholder date of July 22, 2023, in each of the twenty-three consecutive monthly rows, spanning the period from August 2023 through June 2025, without variation. This static frozen date pattern across twenty-three consecutive rows does not reflect actual monthly reporting and constitutes a withholding of true date information from Plaintiff's file disclosure. These omissions suppress no fewer than ninety-two data fields on this account.

28. On the THD/CBNA account ending in 3413, Defendant failed to disclose the Actual Payment Amount in all twenty-three months of 24-Month History data, and failed to disclose the Past Due Amount in all twenty-three months, suppressing no fewer than forty-six data fields from Plaintiff's file disclosure on this account.

29. On the AMEX/DSNB account ending in 8055, Defendant failed to disclose the Actual Payment Amount in all twenty-three months of 24-Month History data, and failed to disclose the Past Due Amount in all twenty-three months, suppressing no fewer than forty-six data fields from Plaintiff's file disclosure on this account.

30. On the BESTBUY/CBNA account ending in 9127, Defendant failed to disclose the Actual Payment Amount in all twenty-three months of 24-Month History data, and failed to disclose the Past Due Amount in all twenty-three months. Additionally, the Last Payment Date column displayed the identical static date of October 14, 2024 across six consecutive monthly rows, constituting a frozen placeholder date pattern. These omissions and static entries suppress no fewer than fifty-two data fields from Plaintiff's file disclosure on this account.

31. On the SHELLPOINT MORTGAGE SERVIC account ending in 9523, Defendant failed to disclose the Actual Payment Amount in all three available months of 24-Month History data, failed to disclose the Past Due Amount in all three months, and omitted the Credit Limit field in the account header and all three history rows, suppressing no fewer than nine data fields from Plaintiff's file disclosure on this account.

32. The systemic and uniform nature of the suppressed fields across every account on the same file disclosure, as described in the foregoing paragraphs, establishes that Defendant's failure to clearly and accurately disclose all information in Plaintiff's consumer file results from a deliberate, uniform data suppression policy in violation of 15 U.S.C. Section

1681g(a)(1). See Alexander v. Equifax, 2018 WL 3025939 (D. Nev. 2018); Gillespie v. Trans Union, 482 F.3d 907 (7th Cir. 2007).

33. Defendant's violations of 15 U.S.C. Section 1681g(a)(1) were willful within the meaning of 15 U.S.C. Section 1681n, in that Defendant acted in reckless disregard of its obligations under the FCRA as construed by the FTC Advisory Opinion to Darcy (June 30, 2000) and as applied under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007). In the alternative, Defendant's violations were negligent within the meaning of 15 U.S.C. Section 1681o.

34. As a result of Defendant's violations, Plaintiff is entitled to: actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1); statutory damages in an amount not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2); and costs of this action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jean Syverin respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendant Equifax Information Services LLC;

(b) Award Plaintiff actual damages pursuant to 15 U.S.C. Sections 1681n(a)(1) and 1681o(a)(1) in an amount to be determined at trial;

(c) Award Plaintiff statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A);

(d) Award Plaintiff punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2) for Defendant's willful violations;

(e) Award Plaintiff the costs of this action pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2);

(f) Order Defendant to provide Plaintiff with a complete and corrected file disclosure in full compliance with 15 U.S.C. Section 1681g(a)(1), disclosing all information in Plaintiff's consumer file without suppression or omission; and

(g) Grant such other and further relief as the Court deems just and proper.

Plaintiff reserves the right to amend this Complaint pursuant to FRCP Rule 15(a) to add reinvestigation counts under 15 U.S.C. Section 1681i following expiration of the CRA's 30-day reinvestigation window.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.